UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRAVEEN KHURANA, ) <br> ) <br>                Plaintiff, ) <br>   vs.                  ) <br> ) <br> ) <br> ) <br> CITY OF NEWPORT, et al. ) <br>               Defendants. ) | No. CV-13-00181-JLQ <br><br> ORDER RE: PENDING MOTIONS |

      BEFORE THE COURT are currently five pending motions. Defendants Loyce Akers and Josh Sutton filed a Motion to Dismiss (ECF No. 16) directed to the First Amended Complaint on September 23, 2013. Defendant City of Newport filed a Motion to Dismiss (ECF No. 24) directed to the First Amended Complaint on October 16, 2013. In response to the Akers/Sutton Motion to Dismiss, Plaintiff filed an Affidavit and requested that the court treat the Motion to Dismiss as a motion for summary judgment. (<u>See</u> ECF No. 26 & 27). On November 5, 2013, Akers/Sutton filed a Motion to Strike Plaintiff's Affidavit. (ECF No. 36). On November 7, 2013, Plaintiff filed a Motion to Add or Correct Named Defendant (ECF No. 38) which seeks to add Pend Oreille Festival Association or substitute Pend Oreille Festival Association for Lavender Festival Association. Plaintiff filed a Second Amended Complaint on December 12, 2013, without leave of court. Then, on December 18, 2013, Plaintiff filed a Motion to Amend (ECF No. 55), along with a proposed Second Amended Complaint.

    **I. Motion for Leave to Amend (ECF No. 55)**

      Plaintiff has filed a Motion for Leave to file a Second Amended Complaint (the "SAC"). The SAC is actually Plaintiff's fourth attempt at pleading. He filed a Complaint, which was screened by the court, and in response to the court's Order he filed a First Amended Complaint. (ECF No. 6). Plaintiff then filed a Second Amended

ORDER - 1

Complaint (ECF No. 49) without leave of court. Plaintiff now files the proposed SAC, which is not the same pleading as ECF No. 49, although both were captioned as <u>Second</u> Amended Complaints. The court recently held a Scheduling Conference and set a deadline for joinder of parties and amendment of pleadings of December 23, 2013. Thus, Plaintiff's Motion (ECF No. 55) is timely filed.

Plaintiff is required to seek leave of court or stipulation of the parties to make the amendment because he has already once amended. Fed.R.Civ.P. 15(a). Additionally, Akers, Sutton, and the City have already filed Motions to Dismiss. Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given when justice so requires. Whether to grant such leave rests in the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, a court should not deny leave to amend unless there has been undue delay, bad faith, or dilatory motive on the part of the movant, or where the amendment would result in undue prejudice to the opposing party, or where amendment would be futile. *Zucco Partners, LLC v. Digimarc Corp,*, 552 F.3d 981, 1007 (9th Cir. 2009). Additionally, Plaintiff is proceeding pro se and pro se litigants are afforded some leniency in pleadings. However, the Ninth Circuit has instructed that "pro se litigants in the ordinary civil case should **not** be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362 (1986)(emphasis supplied).

The court will allow Plaintiff this **last and final** amendment. The court will **GRANT** the Motion to Amend. However, as the proposed SAC names two additional individual Defendants, Officers Olsen and McKay, the court has determined that additional screening is required prior to service. When a *pro se* litigant is proceeding *in forma pauperis* ("IFP") this court must review the complaint to determine if it is legally sufficient. The court must dismiss the case if Plaintiff has raised claims that are "frivolous or malicious", that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The statute provides that if "at any time" the court determines that the

ORDER - 2

allegations fail to state a claim, it "shall dismiss the case". Therefore, the court will screen the SAC, and if appropriate, direct service on counsel for the parties who have already appeared and on the newly named Defendants if Plaintiff has stated a claim against them.

## II. Motion to Add or Correct Named Defendant (ECF No. 38)

Plaintiff's Motion (ECF No. 38) evidences uncertainty as to the relief sought. Plaintiff states that he wants to add a party "or" amend to substitute the name of another party. It's unclear whether this is a case of misnomer, where Lavender Festival Association should have been named Pend Oreille Festival Assocation, or whether there are two separate entities. Plaintiff invokes Fed.R.Civ.P. 20(a) concerning permissive joinder, which allows a defendant to be joined if certain requirements are met, including that a right to relief is asserted against the party to be added. Plaintiff's Motion does not clearly identify what right to relief is asserted against Pend Oreille Festival Association. Defendants Akers and Sutton respond to the Motion and "acknowledge they were volunteers for the Pend Oreille Festival Association at the time of the events alleged in the First Amended Complaint." (ECF No. 44). Akers and Sutton argue that Plaintiff's Motion is not properly supported and that he has not properly sought leave to amend his complaint. Defendants also suggest that Plaintiff's filing is "tactical" or "gamesmanship" intended to avoid the pending Motion to Dismiss.

On December 2, 2013, Plaintiff improperly filed a "Second Amended Complaint" (ECF No. 49) that was submitted without leave of court and in violation of Fed.R.Civ.P. 15(a)(2). The Second Amended Complaint does not name Pend Oreille Festival Association in the caption. Additionally, the Second Amended Complaint still asserts claims against the Lavender Festival Association. The proposed SAC, filed on December 18, 2013, also does not name the Pend Oreille Festival Association in the caption. The portion of the SAC designated as, "Parties" (para. 1.1 to 1.7), discusses the Lavender Festival but does not describe the Pend Oreille Festival Association as a Defendant. Accordingly, the court finds that Plaintiff has abandoned the Motion. He

ORDER - 3

has filed a subsequent Motion seeking leave to amend which does not seek to add the Pend Oreille Association as a Defendant.  The Motion is denied as moot.

**IT IS HEREBY ORDERED**:

1.  The Motion to Amend (ECF No. 55) is **GRANTED**.  The court will review the proposed SAC (ECF No. 55-1) and direct service as appropriate after determining which counts state a claim upon which relief can be granted.

2.  The previously filed "Second Amended Complaint" (ECF No. 49), which was filed without leave of court, and which Plaintiff has superceded with ECF No. 55-1, is **STRICKEN**.

3.  The Motions to Dismiss (ECF No. 16 & 24) are **DENIED AS MOOT**.

4.  The Motion to Strike Affidavit (ECF No. 36) is **DENIED AS MOOT**.

5.  The Motion to Add or Correct Named Defendant (ECF No. 38) is **DENIED AS MOOT**.

6.  While the court is reviewing Plaintiff's SAC pursuant to 28 U.S.C. § 1915, the parties may continue to engage in discovery and the deadlines as set forth in this court's recent Scheduling Order (ECF No. 53) remain in full force and effect.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish a copy of this Order to Plaintiff and to counsel.

DATED this 23rd day of December, 2013.

                        s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE